UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTHUR STEWARD,

          NO. CIV. S-08-2622 LKK/CMK

    Plaintiff,

  v.

          O R D E R

TOWN OF PARADISE,

    Defendant.

                            /

    Plaintiff brings a 42 U.S.C. section 1983 claim for unlawful taking and a state law claim for inverse condemnation against defendant Town of Paradise. Defendant moves for summary judgment on the grounds of claim preclusion, issue preclusion, and the statutes of limitations. For the reasons stated below, the court concludes that all of plaintiffs' claims are claim precluded by prior state court judgments.

**I. BACKGROUND**

    Plaintiff owns a mobile home park in Paradise, Calif., and an adjacent residential property. Plaintiff formerly accessed the

residential property by crossing a railway, pursuant to a license from the railroad; plaintiff additionally maintained a culvert across the railway. Defendant purchased the railroad's right-of-way, which defendant used to construct a recreational trail. In 1988, defendant informed plaintiff that the license had been revoked and directed plaintiff to remove the driveway and culvert. When plaintiff did not do so, defendant caused the two to be removed.

Protracted state court litigation followed. Plaintiff's first suit was filed in state court on November 27, 1989. This suit brought claims for, inter alia, fraud, trespass, conspiracy, conversion, violation of civil rights, and declaratory relief. In this state suit, plaintiff alleged three sources of a right to the disputed property. First, he claimed to have an irrevocable license, RFJN Ex. A. Second, he amended his complaint to allege a prescriptive easement, Def.'s Request for Judicial Notice ("RFJN") Ex. B, 6, 9. Third, in 1992, he purchased a quitclaim deed to the property underlying the railway easement from Barbara Edwards, and plaintiff incorporated this claim to the property into the initial lawsuit. See id. Ex. E, 6-7. Plaintiff also brought claims for conversion, fraud, and denial of due process. The Conversion claim alleged that defendant had unlawfully taken his personal property associated with the culvert, id. Ex. B, 8. The fraud claim alleged that defendant fraudulently represented that it owned the property underlying the railway, when in fact it did not have fee title to the property. Id. Ex. B, 4. The due process

1  claim alleged that defendant failed to give plaintiff proper notice
2  and hearing before destroying the culvert and crossing.  Id. Ex.
3  B, 10.
4       The initial lawsuit resulted in a series of judgments,
5  including a state court appeal.  On August 8, 1995, the trial court
6  concluded that plaintiff had no property interest of any sort in
7  the subject property or crossing.  Def.'s UF 7; Def.'s RFJN Ex. D.
8  This judgment was affirmed by California's Third District Court of
9  Appeal on February 3, 1997.  Def.'s UF 8; Def.'s RFJN Ex. E.
10 However, the appellate court concluded that plaintiff could proceed
11 on any claims that did not depend on plaintiff's ownership of an
12 interest in the property.  Id.
13      This first state court suit was then either stayed or
14 proceeded without an entry of judgment for a number of years.  In
15 the interim, plaintiff separately sought to purchase fee title to
16 the property underlying the railway.  Plaintiff acquired two
17 quitclaim deeds, both from potential heirs of Rosslyn Jones, on
18 September 27, 1999 and September 20 or 21, 2002.  Def.'s UF 9, 10.
19 Plaintiff then instituted a second state court action asserting
20 quiet title to the property on this basis.  The first state court
21 action was further stayed pending this quiet title proceeding.  In
22 the quiet title action, a jury found that plaintiff had acquired
23 fee title to the underlying property.  On March 14, 2005, the
24 California Third District Court of Appeal upheld this verdict, but
25 found that defendant had acquired a vested right to use the railway
26 as a recreational trail.  Def.'s RFJN Ex. H.

After the conclusion of the appeal in the second suit, the stay in the first suit was lifted. After a motion for judgment on the pleadings, plaintiff filed a Second Amended complaint in the first state court suit. Def.'s UF 13. This complaint brought claims for fraud, alleging that defendant misrepresented in 1988 that it had acquired fee title to the subject property; RFJN Ex. J, ¶ 8; inverse condemnation based on defendant's 1988 conduct; Id. ¶ 15-16; conversion based on taking of pipes, etc. in 1988, Id. ¶ 21; for intentional interference with contract; and for a declaratory judgment that plaintiff has owned an easement for the license since 1974, Id. ¶ 29. The amended complaint did not refer to plaintiff's purchase of quitclaim deeds in 1999 or 2002, or to plaintiff's subsequent quiet title action. Instead, the allegations in the amended complaint only concern conduct through 1988.

Subsequent state court judgments resolved all five of plaintiff's claims in this first suit (proceeding on the second amended complaint) against plaintiff. By order of January 26, 2007, the state trial court granted judgment on the pleadings to defendant as to plaintiff's inverse condemnation and interference with contract claims, "based on the rulings from the Court of Appeals." Def.'s RFJN Ex. K. On December 17, 2007, the state trial court granted summary judgment to defendant on the fraud and declaratory relief claims, finding that defendant was immune from the fraud claim under Cal. Gov. Code § 818.8; Def.'s RFJN Ex. L, 5, and that plaintiff had failed to show that he was entitled to

the easement by necessity that plaintiff sought under the declaratory judgment claim, id. at 6. The remaining claim, for conversion, was resolved by stipulation of the parties, in a judgment entered on March 28, 2008. Plaintiff appealed these judgments with respect to the fraud, inverse condemnation, interference with contract, and declaratory judgment claims. Def.'s UF 17. This appeal was dismissed on November 21, 2008, for plaintiff's failure to file an opening brief. Id.

Plaintiff filed this federal court action shortly before the state dismissal of the appeal, on November 3, 2008. In this complaint, plaintiff alleges that defendant falsely "claimed the right-of-way property [was] . . . town property," "forcibly removed the driveway, depriving Plaintiff of access to a public thoroughfare, effectively land-locking Plaintiff's 'residence,'" and "refused to restore Plaintiff's drive or to return to Plaintiff the pipes, culverts and other property it removed" Compl. ¶¶ 6-7. These allegations all pertain to conduct prior to or during 1988. The complaint alleges that plaintiff "purchased the property from [Barbara] Edwards," Compl. ¶ 7, without specifying when this occurred, but makes no mention of plaintiff's later purchase of quitclaim deeds from the Jones heirs or the 2003 quiet title action. These allegations are incorporated into two claims for relief. The first is for "Taking of Property without Due Process" under 42 U.S.C. section 1983. Plaintiff alleges that defendant "has taken Plaintiff's property, damaged [the] value of Plaintiff's property, limited Plaintiff's quiet enjoyment of his property,

5

1  damaged the profitability and growth of Plaintiff's business all
2  without due process of law and in violation of Plaintiff's rights
3  under the California and United States Constititon[s]." Compl. ¶
4  12.  The second claim is for inverse condemnation, makes similar
5  allegations, including that defendant "is required by law to pay
6  just compensation to Plaintiff for damage [to] or taking of
7  Plaintiff's property rights."  Compl. ¶ 14.

8  Defendant moves for summary judgment on three grounds: that
9  these claims are claim precluded, that these claims are issue
10 precluded, and that these claims are brought outside the statute
11 of limitations.

**II. STANDARD FOR A FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT**

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157 (1970); <u>Poller v. Columbia Broadcast System</u>, 368 U.S. 464, 467 (1962); <u>Jung v. FMC Corp.</u>, 755 F.2d 708, 710 (9th Cir. 1985); <u>Loehr v. Ventura County Community College Dist.</u>, 743 F.2d 1310, 1313 (9th Cir. 1984).

Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a

6

1       genuine issue of material fact.
2 Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the
3 nonmoving party will bear the burden of proof at trial on a
4 dispositive issue, a summary judgment motion may properly be made
5 in reliance solely on the 'pleadings, depositions, answers to
6 interrogatories, and admissions on file.'" Id. Indeed, summary
7 judgment should be entered, after adequate time for discovery and
8 upon motion, against a party who fails to make a showing sufficient
9 to establish the existence of an element essential to that party's
10 case, and on which that party will bear the burden of proof at
11 trial. Id. at 322. "[A] complete failure of proof concerning an
12 essential element of the nonmoving party's case necessarily renders
13 all other facts immaterial." Id. In such a circumstance, summary
14 judgment should be granted, "so long as whatever is before the
15 district court demonstrates that the standard for entry of summary
16 judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.
17     If the moving party meets its initial responsibility, the
18 burden then shifts to the opposing party to establish that a
19 genuine issue as to any material fact actually does exist.
20 Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,
21 586 (1986); First Nat'l Bank of Arizona v. Cities Serv. Co., 391
22 U.S. 253, 288-89 (1968); Ruffin v. County of Los Angeles, 607 F.2d
23 1276, 1280 (9th Cir. 1979), cert. denied, 455 U.S. 951 (1980).
24     In attempting to establish the existence of this factual
25 dispute, the opposing party may not rely upon the denials of its
26 pleadings, but is required to tender evidence of specific facts in

7

the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); <u>Matsushita</u>, 475 U.S. at 586 n.11; <u>First Nat'l Bank</u>, 391 U.S. at 289; <u>Strong v. France</u>, 474 F.2d 747, 749 (9th Cir. 1973). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, <u>Anderson</u>, 242 U.S. 248-49; <u>Wool v. Tandem Computers, Inc.</u>, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." <u>First Nat'l Bank</u>, 391 U.S. at 290; <u>T.W. Elec. Serv.</u>, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments); <u>International Union of Bricklayers v. Martin Jaska, Inc.</u>, 752 F.2d 1401, 1405 (9th Cir. 1985).

In resolving the summary judgment motion, the court examines

the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c); Poller, 368 U.S. at 468; SEC v. Seaboard Corp., 677 F.2d 1301, 1305-06 (9th Cir. 1982). The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam)); Abramson v. Univ. of Haw., 594 F.2d 202, 208 (9th Cir. 1979). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

### III. ANALYSIS

Because this court concludes that plaintiff's claims are claim precluded, the court does not address the parties' arguments regarding issue preclusion and the statute of limitations.

In this case, California claim preclusion law determines both whether the state and federal claims are precluded. In a recent

9

analogous case, the Ninth Circuit held that when there was a prior state court proceeding in which a section 1983 claim could have been brought, but was not, the state's preclusion law would determine whether the section 1983 claim was precluded in a subsequent federal suit. Holcombe v. Hosmer, 477 F.3d 1094, 1097 (9th Cir. 2007) (citing Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81, 83-85 (1984)). Here, plaintiff's claims, including plaintiff's Fifth Amendment takings claim, could have been litigated in state court. San Remo Hotel, L.P. v. City & County of San Francisco, 545 U.S. 323, 346 (2005).

In another Ninth Circuit case interpreting California's law of claim preclusion, the court explained that there are three requirements for a claim to be precluded:

> (1) the second lawsuit must involve the same "cause of action" as the first one,
>
> (2) there must have been a final judgment on the merits in the first lawsuit and
>
> (3) the party to be precluded must itself have been a party, or in privity with a party, to that first lawsuit.

San Diego Police Officers' Ass'n v. San Diego City Emples. Ret. Sys., 568 F.3d 725, 734 (9th Cir. 2009) (citing Le Parc Cmty. Ass'n v. Workers' Comp. Appeals Bd., 110 Cal. App. 4th 1161 (2003)). In this case, the third requirement is met, as the parties in the instant case and in the prior two state cases are identical.

Plaintiff mistakenly argues that the second requirement has not been met, or that claim preclusion is otherwise inappropriate, because the state proceedings did not provide a "full and fair

opportunity" to litigate the issues. <u>Kremer v. Chem. Constr. Corp.</u>, 456 U.S. 461, 480 (1982); <u>id</u> at 481 n.22. However, plaintiff's arguments simply express disagreement with the state courts' resolution of the merits--namely, the state court's conclusion that plaintiff's pertinent property was "not directly adjacent to a public street." Pl.'s Opp'n at 4. Notably, eight of the fifteen pages in plaintiff's opposition memorandum are devoted to this argument. <u>Id.</u> 3-10. Similarly, plaintiff faults the state trial court's determination that, because plaintiff did not have a property interest in the crossing, plaintiff could not state an inverse condemnation claim relating to any of plaintiff's properties. Whatever the merits of this determination, it is one that was made by the state trial court in the course of ordinary state court proceedings, and any challenge to the merits thereof could only be brought in the state court of appeal. Plaintiff has not shown that "there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation." <u>Kremer</u>, 456 U.S. at 481 (quoting <u>Montana v. United States</u>, 440 U.S. 147, 164 (1979)).

Plaintiff separately argues that the instant suit involves a "cause of action" separate from the state suits. California law defines "cause of action" by analyzing the "primary right" at stake. <u>San Diego Police Officers' Ass'n</u>, 568 F.3d at 734.

> [I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks

11

> different forms of relief and/or adds new facts supporting recovery.

Id. (quoting Eichman v. Fotomat Corp., 147 Cal. App. 3d 1170, 1174-75 (1983)).

> The cause of action, as it appears in the complaint when properly pleaded, will therefore always be the facts from which the plaintiff's primary right and the defendant's corresponding primary duty have arisen, together with the facts which constitute the defendant's delict or act of wrong. If the same primary right is involved in two actions, judgment in the first bars consideration not only of all matters actually raised in the first suit but also all matters which could have been raised.

Eichman, 147 Cal. App. 3d at 1175 (citations and quotations omitted). Eichman resolves the issue here. The facts underlying both the instant and prior suits are defendant's 1988 revocation of plaintiff's license to cross the railway, and defendant's related conduct. The duties plaintiff seeks to enforce are related to deprivation of property, diminishment of property value, and compensation for the same. Although plaintiff invokes federal laws in this suit, these added theories of recovery do not alter the "primary rights" analysis. Further, as noted above, plaintiff's section 1983 claim could have been brought in state court. San Remo Hotel, 545 U.S. at 346, Migra, 465 U.S. at 84.[1]

---

[1] In this case, nothing indicates an attempt by plaintiff during the state proceedings to explicitly preserve a federal claim for future adjudication, and this court does not resolve what effect, if any, such an attempt would have on the claim preclusive effects of the prior proceedings. See San Remo Hotel, L.P. v. City & County of San Francisco, 545 U.S. 323, 336, 347 (2005), Williamson County Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 195 (1985).

1    The conduct underlying the two claims here, and the primary
2 rights arising therefrom, are entirely duplicative of the rights
3 asserted in plaintiff's second amended complaint in plaintiff's
4 first state court proceeding, and in particular, the inverse
5 condemnation claim presented therein.  The inverse condemnation
6 claim plaintiff presented to the state court (together with
7 plaintiff's other state court claims) invoked the same primary
8 rights as the claims here.  Accordingly, the court concludes that
9 plaintiff's claims are barred by claim preclusion.

## IV. CONCLUSION

For the reasons stated above, defendant's motion for summary judgment is GRANTED.

IT IS SO ORDERED.

DATED:  September 1, 2009.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT